IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE P. SHEDD, JR., *et al.*, ) ) ) Plaintiffs. ) ) ) v. ) ) WELLS FARGO HOME ) MORTGAGE, INC., *et al.*, ) ) Defendants. ) | CIVIL ACTION NO. 14-00275-CB-M |

**ORDER**

This matter is before the Court on a Motion to Dismiss the Second Amended Complaint filed by defendant Barclays Capital Real Estate, Inc. (Barclays), Plaintiffs' response, and Defendant's reply. (Docs. 82, 92, & 97.) After due consideration of all issues, the Court finds the motion is due to be granted, in part, and denied, in part.

**I. Procedural Background**

In October and November 2014, the Court entered an order (Doc. 31) as amended (Doc. 35) granting, in part, and denying, in part, this Defendant's motion to dismiss the First Amended Complaint (FAC). Most counts against Barclays were dismissed (*e.g.*, fraudulent suppression or concealment, unconscionability). Plaintiffs' breach of contract claim survived (except insofar as Plaintiffs' relied on a third-party beneficiary theory) as did their unjust enrichment claim. Because Barclays' motion to dismiss misinterpreted Plaintiffs' claim for breach of breach of the duty of good faith and fair dealing, that claim also survived. After some discovery, the Magistrate Judge stayed this action and held a settlement conference.

The case did not settle, and a new deadline for amending pleadings was set. Plaintiffs filed a motion for leave to file a Second Amended Complaint (SAC). (Doc. 68.) The motion for leave to amend was granted without objection. (Doc. 73.) The most recent complaint, like the previous one, is based on events related to the servicing of the Shedds' mortgage by the Defendants and contains substantially the same causes of action, including those that were dismissed.[1]

## II. The Second Amended Complaint

The SAC provides greater factual detail than the FAC but does not alter the basic outline of events giving rise to Plaintiffs' causes of action, with one exception. The FAC alleged that both George Shedd and Pamela Shedd signed the promissory note that is the basis of this action. The SAC, however, alleges that only Pamela Shedd signed the promissory note, although both George Shedd and Pamela Shedd signed the mortgage on the family residence that secured the promissory note. Those documents were executed in 2001.

Defendant Barclays initially serviced the loan and continued to do so after it was assigned to Monument Street Financing II, LLC (Monument). Loan payments fell behind, and in 2008 the Shedds filed a Chapter 11 bankruptcy petition in this district. Barclays, the loan servicer, represented to the bankruptcy court that it was the creditor and sought a relief from the automatic stay. On April 25, 2008, the bankruptcy court entered an order finding the parties had entered into an adequate

---

[1] The primary distinction between the two complaints is length. The FAC was 65 pages (including "only" 20 pages of facts). The SAC is 151 pages (including 70 pages of facts). The problems caused by this inflated pleading was discussed with the parties in a conference call, and the Court has fashioned a remedy that will permit Defendants to file an answer without having to address each factual allegation in the SAC. (Doc. 102.)

protection agreement that required the Shedds to pay their regular mortgage payment plus an additional $306.62 monthly beginning with the April 2008 payment.  Subsequently, the bankruptcy court confirmed the reorganization plan, which required the Shedds to pay the additional $306.62 for 60 months to satisfy in full a pre-petition arrearage of $16,500.

Barclays used a software package from a third party vendor that was not equipped to handle bankruptcy payments.  As a result, payments made by the Shedds after April 2008 were mishandled.  For example, payments that should have been applied to the arrearage were held in suspense or rejected; payments that should have been applied to current monthly loan payments were applied to past due amounts, fees and expenses.  Not surprisingly, Barclays' inability to correctly apply the payments created a nightmare for the Shedds--the loan was placed in default, foreclosure proceedings were initiated, various fees were added, their mortgage interest was misreported, the Shedds' credit suffered.  For more than two years, the Shedds worked with Barclays to correct the problem, but it was never resolved.  On September 1, 2010, Monument transferred servicing to defendant Wells Fargo Home Mortgage, Inc. (Wells Fargo).  Plaintiffs' problems persisted after Wells Fargo took over.

Plaintiffs' claims arising from these events are set forth on the following chart:

| Count | Cause of Action | Defendants |
|---|---|---|
| One | Breach of Contract | All |
| Two | Breach of Duty of Good Faith & Fair Dealing | All |
| Three | Breach of Fiduciary Duty | Wells Fargo |
| Four | Wantonness | Wells Fargo |
| Five | Fraud | Wells Fargo |
| Six | Promissory Fraud | Wells Fargo |
| Seven | Fraudulent Suppression/Concealment | Wells Fargo, Barclays |
| Eight | Unconscionability | All |
| Nine | Unjust Enrichment | Wells Fargo, Barclays |
| Ten | Accounting | Wells Fargo, Barclays |
| Eleven | RESPA §2605(m) | Wells Fargo |
| Twelve | RESPA § 2605(e) | Wells Fargo |
| Thirteen | FCRA | Wells Fargo |
| Fourteen | TILA | Wells Fargo, Monument |
| Fifteen | TILA | Wells Fargo, Monument |
| Sixteen | FDCPA | Wells Fargo, Monument |

### III.  Legal Analysis

Barclays has moved to dismiss each cause of action against it for failure to state a claim upon which relief can be granted.[2]  Each count is addressed separately below.

### A.  Breach of Contract (Count One)

Barclays concedes that its arguments have already been rejected by the Court in the order denying the FAC.   It reasserts these arguments to preserve them for appeal.  For the reasons stated in the order dated October 15, 2014, amended November 17, 2014, the motion to dismiss Plaintiffs' breach of contract claim is denied.

### B.  Breach of Contractual Duty of Good Faith & Fair Dealing (Count Two)

In its motion to dismiss the FAC, Barclays interpreted this claim as a tort claim, rather than a contract claim.  For that reason this Defendant's motion to dismiss was denied.  Plaintiffs have reasserted the claim and argue that additional facts alleged in the SAC support this cause of action, which was dismissed as to the other Defendants.

This Court previously set out the law regarding this claim as follows:

> Alabama recognizes that every contract carries an implied obligation of good faith and fair dealing, which has been defined as "an implied covenant that neither party shall do anything which will have the

---

[2] The standard for reviewing a Rule 12(b)(6) motion to dismiss was set forth in the Court's October 15, 2014 order (Doc. 31), as amended (Doc. 35), and need not be repeated in detail here.  Suffice it to say, facts pleaded in the complaint are taken as true but conclusions are not.  *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).  A court must take the factual allegations as true and determine whether they plausibly give rise to a claim for relief.  *Id.* at 710

> effect of destroying or injuring the rights of the other party to receive the fruits of the contract." *Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth.*, 837 So. 2d 253, 267 (Ala. 2002) (quoting *Seller v. Head*, 261 Ala. 212, 217, 73 So.2d 747, 751 (1954)). The parameters of this claim have not been well defined. However, it is clear that the obligation is not actionable unless the breach of that duty can be tied to the performance of a specific term of the contract. *Lake Martin/Alabama Power Licensee Assoc. v. Alabama Power Co., Inc.*, 601 So. 2d 942, 945 (Ala. 1992). More specifically, Alabama courts have recognized the duty of good faith and fair dealing when "the contract fails to specify all the duties and obligations intended to be assumed." *Lloyd Noland Found.,* 837 So.2d at 267. In those instances, "the law will imply an agreement to do those things that according to reason and justice the parties should do in order to carry out the purpose for which the contract was made." *Id.*

(Order dated Nov. 17, 2014 at 7-8, Doc. 34.)

In response to Defendants' motion to dismiss, Plaintiffs have failed to point to any allegation in the SAC that would tie their claim to any specific contractual term. Instead, they point to allegations that the Defendants failed to comply with *implied* requirements of the Chapter 11 Plan that they bring the loan current and that they create a separate arrearage account. Because Plaintiffs' SAC does not allege a breach of duty related to any specific contractual term, their claim for breach of implied duty of good faith and fair dealing is due to be dismissed.

**C. Fraudulent Suppression (Count Seven)**

Plaintiffs' fraudulent suppression claim fails because a party cannot be held liable for suppressing information it had no duty to disclose.

> The first element of a fraudulent suppression claim requires the showing of a duty to disclose. "In the absence of special circumstances, Alabama law considers the lender-borrower relationship to be arms-length and does not place a duty of disclosure on the lender."

6

*Branch Banking & Trust Co. v. EBR Investments LLC*, Civil Action No. 2:14-C-V01578-WMA, 2015 WL 225457, at *3 (N.D. Ala. Jan. 16, 2015) (quoting *Buckentin v. SunTrust Mortgage Corp.*, 928 F.Supp.2d 1273, 1285 (N.D.Ala.2013)).  "When both parties are intelligent and fully capable of taking care of themselves and dealing at arm's length, with no confidential relationship, no duty to disclose exists when information is not requested, and mere silence is not a fraud."  *Bank of Red Bay v. King*, 482 So. 2d 274, 285-86 (1985).  The relationship of Plaintiffs and Barclays is akin to that of lender-borrower; therefore, Plaintiffs must plead facts from which a special relationship could be inferred.

In response to the motion to dismiss, Plaintiffs argue that the duty to disclose arose from Barclays' knowledge of the internal problems it had encountered with Plaintiffs' account and similar accounts.  However, superior knowledge does not amount to special circumstances imposing a duty to disclose.  *Surrett v. TIG Premier Ins. Co.*, 869 F. Supp. 919, 924-25 (M.D. Ala 1994); *see also Mason v. Chrysler Corp.*, 653 So. 2d 951, 954-55 (Ala. 1995) (dealership's knowledge of recurring defect in automobile model purchased by customer did not give rise to duty to disclose).  In sum, the factual allegations of the SAC do not support a claim for fraudulent suppression or concealment.

### D.  Unconscionability (Count Eight)

Plaintiffs concede this cause of action is due to be dismissed as to Barclays.

### E.  Unjust Enrichment (Count Nine)

Barclays' motion to dismiss this claim from the FAC was denied.  For appellate purposes, Barclays reasserts the same grounds for dismissal as previously

raised. For reasons stated in the previous order, the Court again denies the motion to dismiss this cause of action.

**F. Accounting (Count Ten)**

Count Ten asserts a separate claim for an accounting of mortgage interest and amortization. In general, the equitable remedy of accounting is appropriate when there is a fiduciary relationship between the parties, where the defendant has engaged in fraud, or where the account is unusually complicated or difficult. *Givens v. Saxon Mortg. Services, Inc.*, Civil Action No. 13-00245-KD-N, 2014 WL 2452891 (S.D. Ala. May 30, 2014). The Court finds that the facts alleged in the SAC do not support a claim for accounting.[3]

### III. Conclusion

The motion to dismiss filed by Barclays Capital Real Estate, Inc. granted, in part, and denied, in part, as follows:

- Plaintiffs' claims for breach of the duty of good faith and fair dealing (Count Two), fraudulent suppression or concealment (Count Seven), unconscionability (Count Eight), and accounting (Count Ten) are **dismissed** in their entirety.
- Plaintiffs' claims for breach of contract (Count One) and unjust enrichment (Count Nine) survive.

**DONE** and **ORDERED** this the 26th day of October, 2015.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[3] The SAC does not allege facts giving rise to a fiduciary relationship or fraud. While the mortgage account is undoubtedly complicated, it is unlikely that an accounting would make it any less so or that an accounting would accomplish anything that could not be accomplished through discovery.