## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE P. SHEDD and | ) | |
| PAMELA J. SHEDD | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00275-CB-M |
| | ) | |
| WELLS FARGO HOME | ) | |
| MORTGAGE, INC., et al. | ) | |

### ORDER

This matter is before the Court on a Plaintiffs' motion seeking leave to file a Third Amended Complaint and Summary Statement of Facts.   (Doc. 124.)  Defendant Wells Fargo Home Mortgage, Inc. (WFHM) and Monument Street Funding, II, LLC, have filed a response in opposition (Doc. 129), and Plaintiffs have filed a reply (Doc. 133).   Plaintiffs' proposed amendment is for the sole purpose of substituting Wells Fargo Bank, N.A. in place of Wells Fargo Home Mortgage, Inc.  For reasons discussed below, the Court grants the motion for leave to amend.

**Procedural Background[1]**

In October 2014, the Court granted, in part, and denied, in part, the Defendants' motions to dismiss the first amended complaint.  In November 2014, a Rule 16(b) Scheduling Order was entered.  (Doc. 38.) In December 2014, the Scheduling Order was amended, and the date for filing amended pleadings was extended to April 17, 2015.  (Doc. 40.)  On April 16, 2015, Magistrate Judge Milling stayed this action pending settlement negotiations and, ultimately, held a settlement conference.  (Doc. 63.) After the settlement

---

[1] Because the proceedings in this action have been detailed in prior orders (Docs. 35 & 105), only an abbreviated background is set out here.

conference proved unsuccessful, Magistrate Judge Milling entered an order stating, in

relevant part:

> Not later than **June 19, 2015**, Plaintiffs will file a motion to amend the
> complaint, and Defendants will file a response to that motion not later than
> July 2, 2015. The stay on discovery will be lifted and an amended scheduling
> order will be entered once that motion and any others precipitated by it have
> been decided and the parties know which of Plaintiffs' claims are
> proceeding.

(Doc. 63.)

The motion for leave to amend was granted without opposition.  Plaintiffs filed their

voluminous Second Amended Complaint (SAC).  Motions to dismiss followed along with

another round of briefing.   Due to the length and shotgun pleading style of the SAC, the

undersigned held a case management conference with counsel.  As a result of the

conference, the Court concluded that, although the SAC was unwieldy, requiring a third

amended complaint would not be an efficient use of resources.   (Order, Doc. 102.)  Instead,

the Court found it best to rule on the motions to dismiss first, then require Plaintiffs to

submit a Summary Statement of Facts.  On October 26, 2015, the Court granted, in part, and

denied, in part, Defendants' motions to dismiss.  Plaintiffs filed a Summary Statement of

Facts.  Defendants filed responses to the Summary Statement of Facts and answers to the

claims asserted in the SAC.  A preliminary scheduling order was entered requiring the

parties to file a Supplemental Report of Parties by December 14, 2015.  Plaintiffs filed the

instant motion for leave to amend on December 23, 2015.  On January 6, 2016, Magistrate

Judge Milling entered an Amended Scheduling Order (DOC. 127).  Pursuant to that order,

the new deadline for amending pleadings is March 25, 2016.


**Analysis**

Defendants assert two grounds for their general opposition to the motion for leave to amend. First, they contend that Plaintiffs have failed to make the "good cause" showing required by Rule 16(b) when a party seeks to amend after the deadline for amending pleadings has expired. Alternatively, Defendants argue that Plaintiffs should not be allowed to amend under Rule 15(a) because they were dilatory in filing their proposed amendment. In the event that the Court rejects these arguments, Defendants contend leave to amend should be denied with respect to the RESPA claims because the statute of limitations has expired. The latter argument implicates Rule 15(c).

### Rule 16(b) Does Not Apply

It is well-settled that a party seeking to amend after the deadline set in the Rule 16(b) scheduling order must show "good cause" for extension of the scheduling order. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also* Fed. R. Civ. P. 16(b). But if the deadline for amendment has not expired, the motion for leave to amend is governed by the standard set forth in Rule 15(a). *Sosa,* 133 F.3d at 1418In this case, the last deadline for filing amended pleadings--April 17, 2015—was stayed. (Doc. 40.) No subsequent Rule 16(b) order set a deadline for amending pleadings until the Amended Scheduling Order dated January 6, 2016, which set March 25, 2016 as the new deadline.[2] Plaintiffs' motion was filed within the Rule 16(b) deadline; therefore the "good cause" standard does not apply.

### Leave to Amend is Appropriate Under Rule 15(a)

---

[2] The Court acknowledges that the state of the pleadings in this case has been confusing, to say the least. Clearly, the Court did not anticipate a Third Amended Complaint, but it never forbade Plaintiffs from filing one. Furthermore, because Rule 16(b) deadlines were stayed pending the Court's ruling on the motion to dismiss the Second Amended Complaint, the deadline for amending pleadings did not expire. It was suspended until Magistrate Judge Milling entered the January 6, 2016 Amended Scheduling Order.

Rule 15(a) imposes a less exacting standard on a party seeking to amend.  It

provides that "leave to amend should be freely given when justice so requires."  Fed. R. Civ.

P. 15(a).

> In the absence of any apparent or declared reason—such as undue delay, bad
> faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment, futility of
> amendment, etc.—the leave sought should, as the rules require, be "freely
> given."

*Jameson v. Arrow Co.*, 75 F.3d 1528, 1534-35 (11 Cir. 1996) (quoting *Foman v. Davis*, 371

U.S. 178, 182 (1962)).  Defendants accuse the Plaintiffs of "undue delay" in seeking leave to

amend because Defendants had informed Plaintiffs on multiples occasions that Wells Fargo

Home Mortgage, Inc. was a division of Wells Fargo Bank, N.A.  Further, Defendants point

out that Plaintiffs could have determined that Wells Fargo Home Mortgage, Inc. had not

been in existence since 2004 by consulting the website of the Alabama Secretary of State.

While that may be true, Wells Fargo Bank, N.A. has:  (1) accepted service; (2) appeared and

actively participated in this action as if it were a proper defendant; and (3) misled, or at

least confused, both the Court and the Plaintiffs about its relationship to Wells Fargo Home

Mortgage, Inc.[3]  Notably, Defendants' labeling of Wells Fargo Home Mortgage, Inc. as a

"division" of Wells Fargo Bank, N.A. implied that the former was a part of the latter, not a

separate defunct corporation.  Plaintiffs could have been more attentive to deciphering the

details of the Wells Fargo corporate structure, but Wells Fargo Bank, N.A. bears part of the

---

[3] *See* Order (Doc. 105) dated 10/26/15 at 3 n. 2.

blame for creating the confusion.  In these circumstances, the Court cannot say that

Plaintiffs' delay in seeking to amend was either undue or dilatory.[4]

### Plaintiffs' RESPA Claims Are Timely Based on Rule 15(c)'s Relation Back Principles

Defendants' fallback position is that the amendment, if allowed, should not include

RESPA claims because those claims are time barred. Plaintiffs argue that their RESPA

claims are timely under the relation back principles of Rule 15(c (1).  That rule sets forth

three situations in which the amended pleading "relates back" to the date the original

pleading was filed.  Relation back applies when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).  Relying on subsection (C), Plaintiffs point out that Wells Fargo

Bank, N.A., had both notice of the action within the Rule period and knowledge that

Plaintiffs would have named it as a Defendant but for their mistake.  That mistake was

perpetuated by Wells Fargo Bank N.A.'s appearance and active defense on behalf of WFHM.

---

[4] Citing *Krupski v. Costa Crociere, S.p.A.*, 560 U.S. 538 (2010), Plaintiffs argue that Rule 15(a) does not apply and that leave to amend is mandatory if the amendment relates back under Rule 15(c).  However, *Krupski* merely stands for the proposition that dilatoriness or undue delay are only at issue in deciding whether to  allow an amendment under Rule 15(a) and have no relevance in deciding whether an amendment (once allowed) relates back for statute of limitations purposes.

Defendants counter that there was no "mistake" because Plaintiffs "were fully aware of the relationship between Wells Fargo Bank , N.A. and WFHM." (Defs.' Br. 13, Doc. 129.) Even if Plaintiffs were "fully aware" of that relationship, *Plaintiffs'* knowledge is not the focus of the inquiry.

In *Krupski v. Costa Crociere, S.p.A.*, 560 U.S. 538 (2010), a case almost directly on point, the Supreme Court distinguished between cases of misnomer, i.e., mistakenly naming the wrong party, and cases involving a deliberate choice of one defendant over another. Krupski, was injured onboard a cruise ship and later filed suit against Costa Cruise. In at least three pleadings, Costa Cruise asserted that it was not the proper defendant because it was merely the sales and marketing agent for the vessel's owner, Costa Crociere. After Costa Cruise moved for summary judgment, the district court allowed Krupski to amend to add Costa Crociere who (represented by the same counsel as Costa Cruise) promptly filed a motion to dismiss because the statue of limitations had expired. The district court agreed with the defendant and dismissed the action, and the Eleventh Circuit affirmed. Both courts concluded that Krupski could not claim "mistake" because she knew of Costa Crociere's existence.

The Supreme Court reversed, stating:

> By focusing on Krupski's knowledge, the Court of Appeals chose the wrong starting point. The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error. Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint.

*Id.* at 548. Recognizing that the purpose of Rule 15(c) is to balance the defendant's interests protected by the statute of limitations with the preference for deciding cases on

the merits, the Court distinguished between "a prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him" and "a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Id.* at 550.  The former is entitled to the protection of the statute of limitations; the latter is not.  *Id.*

Defendants do not actually deny they knew or should have known that Wells Fargo Bank, N.A. would have been named but for an error.  Instead, they rely primarily on cases decided prior to *Krupski* to focus the spotlight on Plaintiff's knowledge.  The only post-*Krupski* case they cite is *Stewart v. Bureaus Inv. Group, LLC*, 309 F.R.D. 604 (M.D. Ala. 2015), wherein the plaintiff originally named only one defendant, a collection agency, in her Fair Debt Collection Practices Act  (FDCPA) claim.  After the limitations period expired, she sought leave to amend to add as defendants the attorney and law firm who had represented the collection agency in a collection action against her.  The attorney and law firm argued the claim was time barred, but the plaintiff contended relation back applied. The court denied leave to amend under Rule 15(c)(1) because Plaintiff did not mistakenly sue the collection agency *instead of* the law firm.  Rather, she sought to add the attorney and law firm in addition to the collection agency.  *Stewart* does not apply here for two reasons.  First, contrary to *Krupski's* instructions, it approaches the knowledge question from the plaintiff's point of view rather than the defendant's.  Second, the case at hand involves a different scenario, that is, one in which Plaintiffs mistakenly sued one entity *instead of* another and seeks to remedy that mistake, rather than one in which Plaintiffs simply decided to add more defendants after the limitations period expired.

In sum, Plaintiff's RESPA claims against Wells Fargo Bank, N.A., are timely under the relation back principles of Rule 15(c).  Therefore, Plaintiffs shall be permitted to assert these claims against Wells Fargo Bank, N.A. in their Third Amended Complaint.

**Conclusion**

Plaintiffs' motion for leave to amend is **GRANTED** for the sole purpose of substituting "Wells Fargo Bank, N.A." as defendant in place of "Wells Fargo Home Mortgage, Inc."  Plaintiffs shall file a Third Amended Complaint and Summary Statement of Facts on or before **March 1, 2016.**

**DONE** and **ORDERED** this the 22nd day of February, 2016.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**