**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| GEORGE P. SHEDD, JR., *et al.*, | ) ) ) | |
| Plaintiffs. | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 14-00275-CB-M |
| WELLS FARGO HOME MORTGAGE, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion to dismiss the counterclaims filed against them by Defendants Wells Fargo Bank, N.A. and Monument Street Funding, II, LLC[1] (Doc. 170) and on Defendants' response to the motion (Doc. 190). For reasons discussed below, the motion is denied, in part, and granted, in part.

**Procedural Background**

The tortuous history of this action is well documented in prior orders. Currently at issue is the First Amended Counterclaim filed by Defendants Wells Fargo Bank, N.A. (Wells Fargo) and Monument Street Funding, II, LLC. (Monument) which asserts a claim for breach of contract against Pamela Shedd and a claim for unjust enrichment against both Pamela Shedd and George Shedd. The facts in support of those claims are relatively brief. In 2001 Pamela Shedd executed a promissory note to the Mortgage Outlet, Inc. (Countercl. ¶ 4.) That promissory note

---

[1] Defendants' First Amended Counterclaim is part of their Answer to Third Amended Complaint and Amended Summary Statement of Facts. (Doc. 164.)

was secured by mortgage on 566 Brawood Drive in Mobile.  George Shedd cosigned the mortgage, but he was not obligated on the promissory note.  (*Id.* 5.)  The note and mortgage were subsequently transferred and assigned to Monument, a wholly owned subsidiary of Wells Fargo.  (Ans. ¶ 6.)  The Shedds subsequently failed to make payments on the Note and, in 2008, filed a Chapter 11 bankruptcy petition.  (Countercl. ¶¶ 6-7.)  Ultimately, the bankruptcy plan required the Shedds to make the payments as set out in the promissory note and to pay an additional amount per month for 60 months to cure their pre-petition arrearage. (*Id.* ¶ 8.)  According to Wells Fargo and Monument, "[t]he Shedds subsequently failed to remit the required direct monthly payments on the [l]oan and the pre-petition arrearage," and the loan "remains in default."  (*Id.* ¶¶ 13-15.)

**Legal Analysis**[2]

Pamela Shedd argues that the breach of contract claim is due to be dismissed for two reasons.  First, she argues that it is impossible for both Wells Fargo and Monument to hold the note and claim the debt.  In response to this argument Wells Fargo and Monument assert, without explaining how, they have *each* sufficiently alleged breach of contract claims.  They argue that "as the owner of Monument, Wells Fargo is in privity of any contractual agreement to which Monument is a party." (Defs.' Br. 4, Doc. 190.)  Alabama law directly contradicts this assertion.  In *Russell v. Birmingham Oxygen Serv., Inc.,* 408 So. 2d 90, 93 (Ala. 1981), the plaintiff

---

[2] As this Court has stated repeatedly in various orders addressing motions to dismiss for failure to state a claim, facts pleaded in the complaint (or, in this case, the counterclaim) are taken as true but conclusions are not.  *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).  The court's task is to determine whether the factual allegations plausibly give rise to a claim for relief.  *Id.* at 710.

made a similar claim, arguing that it did not matter which of two related corporations sued to enforce a contract because both were owned by the same individual. The Alabama Supreme Court disagreed. "A corporation is an entity created by compliance with statutory requirements. A corporation has the right to sue and be sued just like a natural person. *A corporation, just like an individual, must enforce its own rights and privileges.*" *Id.* (internal citation omitted) (emphasis added). Wells Fargo's status as owner of Monument does not give it standing to sue for breach of contract. Therefore, Wells Fargo's breach of contract counterclaim is due to be dismissed.

Pamela Shedd also argues that the breach of contract claim is due to be dismissed because the counterclaim fails to allege that either counterclaim plaintiff performed as required by the terms of promissory note, *as modified by the bankruptcy plan.* This argument is without merit because, as the counterclaim plaintiffs point out, the bankruptcy plan's effect on the terms of the promissory note is a legal issue.

Next, both Pamela Shedd and George Shedd argue that the facts asserted do not support an unjust enrichment claim. The Alabama supreme court defines unjust enrichment as follows:

> The retention of a benefit is unjust if (1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched.

3

*Mantiply v. Mantiply*, 951 So. 2d 638, 654-55 (Ala. 2006) (internal citations and quotation marks omitted).  As the Shedds point out, the counterclaim contains no facts that would plausibly suggest that either Wells Fargo or Monument acted under a mistake or misreliance or that the Shedds engaged in wrongful conduct.  In their response, Wells Fargo and Monument casually overlook the omission of crucial supporting facts from the counterclaim and argue simply that the Shedds' ability to remain in their home without remitting payment due amounts to unjust enrichment.[3]

**Conclusion**

For the reasons set forth above, the motion to dismiss is **granted, in part,** and **denied, in part,** as follows:

- Wells Fargo's counterclaim for breach of contract is **dismissed.**
- Monument's counterclaim for breach of contract is **not dismissed**.
- The counterclaim for unjust enrichment is **dismissed** in its entirety.

**DONE** and **ORDERED** this the 16th day of May, 2016.

s/Charles R. Butler, Jr.
**Senior United States District Judge**

---

[3] In an argument consisting of three sentences and a two-page string cite, Wells Fargo and Monument point out that they are entitled to plead alternative theories of recovery.  While that may be true, none of the cases cited relieve them from asserting facts to support the elements of each alternative claim.

4